THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIANNA JONES,**

    **Plaintiff,**

                        Case Number:

**v.**

**CRYO-CELL INTERNATIONAL, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Brianna Jones, was employed by Cryo-Cell International, Inc., Defendant, and brings this action for pregnancy discrimination under the Pregnancy Discrimination Act of 1978 ("PDA").

### Parties

2. Defendant is an employer as defined by the Pregnancy Discrimination Act and employs more than 15 people.

3. Plaintiff was a qualified female with a disability during the time of her employment with Defendant.

### Jurisdiction

4. Plaintiff was employed by Defendant in Hillsborough County, Florida.

5. Defendant maintains and operates an office in Hillsborough County, Florida.

6. The subject matter giving rise to this litigation occurred in Hillsborough County, Florida.

7. Plaintiff is domiciled in Hillsborough County, Florida.

8. The amount in controversy in this action exceeds $129,017.06, exclusive of attorney's fees, interest, and costs.

Facts

9. Plaintiff was hired by Defendant on January 5, 2019, as a Medical Technologist II.

10. Plaintiff is a female and within a protected class based on her gender.

11. Plaintiff was pregnant at all times during her employment with Defendant.

12. Plaintiff's pregnancy constitutes a disability.

13. After Plaintiff was hired, Plaintiff informed Defendant of her pregnancy and disability.

14. Plaintiff did not inform Defendant of her pregnancy prior to her hire.

15. Despite Plaintiff's pregnancy, she was a qualified individual who was able to perform all essential functions and duties of her job.

16. Defendant hired Plaintiff without knowledge that Plaintiff was pregnant.

17. At all times during Plaintiff's employment, Plaintiff was an employee in good standing with Defendant and had no reason to believe she was in danger of being terminated.

18. After Plaintiff was hired and working for Defendant, Plaintiff informed Defendant of her pregnancy and need for a reasonable accommodation.

19. Specifically, on January 21, 2019, Plaintiff informed her manager, Belinda Perry that Plaintiff was pregnant and was in need of a reasonable accommodation.

20. Even though Plaintiff was pregnant, it was her intention to return to work with Defendant immediately after child birth.

21. On February 7, 2019, while 31 weeks pregnant, Plaintiff experienced a series of abnormal contractions directly related to her pregnancy.

22. Plaintiff immediately sought medical treatment on February 7, 2019, and her medical provider advised Plaintiff that she needed to rest and monitor the abnormal contractions.

23. Plaintiff's medical provider ordered Plaintiff to take an absence from work on February 7, 2019 and February 8, 2019, due to her abnormal contractions.

24. On February 7, 2019, Plaintiff informed Defendant's lab manager, Keith Link, of her pregnancy, abnormal contractions, and orders that she be relieved from work on February 7 and 8, 2019.

25. Plaintiff returned to work the next business day, February 11, 2019, and performed her essential duties and functions.

26. On February 12, 2019, Defendant unexpectedly terminated Plaintiff's employment, without cause.

27. Plaintiff was terminated by Defendant's executive, Hunter Prater, who told Plaintiff that Defendant was "suspending your employment for six months until you are no longer pregnant or recovering from delivery."

28. Plaintiff's employment was terminated because she was pregnant during her employment.

29. Male employees were not subjected to termination based on pregnancy or told that they could not return to work until they were no longer pregnant or recovering from delivery.

30. Plaintiff was treated differently than male employees based on Plaintiff's gender.

31. But for Plaintiff's gender, Defendant would not have terminated Plaintiff's employment.

32. Plaintiff filed a charge of discrimination with the EEOC on February 5, 2020.

33. Plaintiff was issued a Notice of Rights on August 14, 2020.

34. Plaintiff has complied with all conditions precedent prior to bringing this action.

## **COUNT I – PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT**

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34, above.

36. Plaintiff is a qualified female and a member of a protected class because of her gender.

37. Plaintiff performed all the essential functions and duties of her job during her employment and was qualified for the role.

38. Defendant terminated Plaintiff's employment based on her gender and specifically because she was pregnant.

39. Plaintiff's termination constitutes an adverse action.

40. But for Plaintiff's gender, Defendant would not have terminated Plaintiff's employment.

41. Male employees, outside of Plaintiff's protected class, were not terminated for pregnancy or pregnancy related events.

42. As a direct result of her termination, Plaintiff was financially and emotionally damaged.

43. Additionally, Plaintiff has been required to retain her undersigned counsel and compensate the same a fair and reasonable fee for her representation.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to back wages, compensatory damages, punitive damages, together with costs and attorney's fees pursuant to Florida's Civil Rights Act, and such other further relief as this Court deems just and proper.

DATED this 28th DAY OF AUGUST, 2020

                                              **/S/ Kyle J. Lee**
                                              Kyle J. Lee, Esq.
                                              FLBN: 105321
                                              LEE LAW, PLLC
                                              1971 West Lumsden Road, Suite 303
                                              Brandon, Florida 33511
                                              Telephone: (813) 343-2813
                                              Kyle@KyleLeeLaw.com